IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MATTHEW ESCALANTE,**

    **Petitioner,**

    v.                                    CASE NO.  24-3079-JWL

**CHIEF JUDGE CHARLES DROEGE,**

    **Respondent.**

## MEMORANDUM AND ORDER

On May 22, 2024, Petitioner filed this pro se petition purporting to be a petition for a writ of habeas corpus under 28 U.S.C. § 2255.[1] On May 23, 2024, the Court entered an Order (Doc. 2) dismissing this case without prejudice for failure to comply with the filing restrictions ordered in *Escalante v. Burmaster*, Case No. 23-2471-JWB, Doc. 72 (D. Kan. Jan. 18, 2024).

This matter is before the Court on Petitioner's Motion for Relief from Judgment (Doc. 5), filed on May 30, 2024.  Petitioner asserts that he is seeking relief under Fed. R. Civ. P. 60(b)(6) and 28 U.S.C. § 1915(g).  However, because Petitioner's motion was filed within 28 days after the entry of the order, the Court will treat it as a motion under Rule 59.  *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

A motion to alter or amend under Fed. R. Civ. P. 59(e) may be granted when "the court has misapprehended the facts, a party's position, or the controlling law." *Nelson v. City of*

---

[1] Petitioner did not sign the petition and relief under § 2255 is available only to prisoners serving a federal sentence and motions seeking such relief are filed in the movant's federal criminal case. *See* 28 U.S.C. § 2255(a) (available to "[a] prisoner in custody under sentence of a court established by Act of Congress"). Petitioner is serving a sentence imposed by a *state* court, not a *federal* court, and he has no federal criminal case in which a § 2255 motion could be properly filed.

1

*Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019) (citing *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). A motion to alter or amend judgment pursuant to Rule 59(e) may be granted only if the moving party can establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Motions to alter and amend are "not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Nelson*, 921 F.3d at 929 (quoting *Servants of the Paraclete*, 204 F.3d at 1012). "[O]nce the district court enters judgment, the public gains a strong interest in protecting the finality of judgments." *Id*. at 929 (citation omitted). Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly. *See Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006); *Zucker v. City of Farmington Hills*, 643 F. App'x 555, 562 (6th Cir. 2016) (relief under R. 59(e) is rare).

Petitioner makes no arguments as to why this action should not have been dismissed for failure to comply with his filing restrictions. He merely mentions that he has raised a judicial inquiry with the Office of Circuit Executive regarding the judge that imposed the restrictions, and asks this Court to "move aside" the filing restrictions. Likewise, he makes no arguments as to why he is entitled to habeas relief under § 2255. Instead, he argues that his fee in this case should be waived based on his "imminent danger," citing 28 U.S.C. § 1915(g).[2] The imminent danger

---

[2] Petitioner filed his motion for relief on May 30, 2024. Petitioner argues that his request regarding a dental abscess was opened on May 17, 2024, the facility ran out of antibiotics, and the request was closed. However, it appears that Petitioner was released after that date. He filed Case No. 24-2235-TC-TJJ on June 3, 2024, with an out-of-custody address. In Case No. 24-3099, he signed his motion for leave to proceed in forma pauperis on June 13, 2024, and indicated that he had arrived back at the facility less than hours ago.

exception applies to three strikes litigants and allows them to proceed in forma pauperis if they can establish a threat of imminent danger of serious physical injury.  The three strikes provision does not apply to habeas cases.

This case was not dismissed based on the three-strikes provision, and Petitioner fails to meet the exacting standard for relief under Fed. R. Civ. P. 59(e).  Petitioner has failed to establish an intervening change in the controlling law, the availability of new evidence that could not have been obtained previously through the exercise of due diligence, or the need to correct clear error or prevent manifest injustice.  In sum, Plaintiff has failed to meet the standard required for this Court to alter or amend its May 23, 2024 Order and Judgment  and that ruling stands.

**IT IS THEREFORE ORDERED BY THE COURT** that Petitioner's Motion for Relief from Judgment (Doc. 5) is **denied.**

**IT IS SO ORDERED**.

**Dated June 24, 2024, in Kansas City, Kansas.**

<u>S/ John W. Lungstrum</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**